ST. LOUIS – KANSAS CITY       )
CARPENTERS REGIONAL COUNCIL,  )
et al.,                       )
                             )
        Plaintiffs,        )
                             )
      v.                  )     No.  4:16 CV 751 CDP
                             )
ILMO CONTRACTING, LLC, et al.,  )
                             )
        Defendants.      )

## MEMORANDUM AND ORDER

After being served with process in this ERISA employer-contributions case, defendants ILMO Contracting, LLC, and Corey Rogers failed to timely answer or otherwise respond to plaintiffs' amended complaint, and the clerk of court entered default against them.  Plaintiffs now ask me to enter default judgment against the defendants and have submitted affidavits and other evidence in support of their request, as well as a proposed judgment.  For the following reasons, the evidence offered is not sufficient to support the requested judgment.  I will, however, provide plaintiffs an opportunity to cure the deficiencies in their evidence.

As previously stated, this is an employer-contributions case brought under ERISA in which plaintiffs – various trust funds of the Carpenters Regional Council (the "Union") and their trustees – claim that defendant ILMO Contracting, LLC, failed to make contributions to the various funds as it was obligated to do under its

Collective Bargaining Agreement with the Union.  Plaintiffs also bring a supplemental state law breach of contract claim against defendants ILMO and Rogers, claiming that they defaulted on two promissory notes held by the Union.

With respect to the ERISA claim, the amended complaint alleges that the Collective Bargaining Agreement required ILMO to submit monthly statements showing the hours worked by each covered employee and to make its contribution payments to the funds through a stamp purchase plan.  In an affidavit submitted in support of default judgment, the Union's accountant and controller, Juli Laramie, attests to these same statements and refers to the Collective Bargaining Agreement as evidence to support them.  The Agreement submitted with Laramie's affidavit, however, contains no such terms.

In addition, plaintiffs' memorandum in support of their request for default judgment avers that ILMO failed to pay the required contributions for the period of June 30, 2015, through April 30, 2016, and requests the entry of judgment for such contributions – and related liquidated damages and interest – in sums that total $15,686.43.  Plaintiffs cite Laramie's affidavit and her recorded calculations as evidence supporting this averment and request.  In her affidavit, however, Laramie attests that records show contributions to be owed for the period of **June 13**, **2015** (not June 30) through April 30, 2016; and that the total contributions, liquidated damages, and interest owed for this period is $15,686.**44** (not $15,686.**43**).  The period of alleged delinquent contributions reflected in the record of calculations to

- 2 -

which Laramie refers (ECF #12-5) is the period of June 13, 2015, through April 30, 2016; and the math in this record does not appear to add up. In short, the period of delinquent contributions and their amount as averred in plaintiffs' request for judgment is inconsistent with the evidence submitted in support of their request.

With the breach of contract claim, the amended complaint sets out the circumstances surrounding the default of each promissory note and specifies the amount owed on each separate note. In seeking judgment on this claim, plaintiffs do not provide any evidence as to what is owed on each note but instead rely on Laramie's attestation to the total amount owed. In her affidavit, Laramie again cites to the record of calculations (ECF #12-5) and attests that the balance due on both promissory notes totals $41,421.36. This cited record, however, contains only a one-line, non-descriptive entry for "Market Recovery Loan" with an associated amount of $41,421.36 – the same amount that Laramie attests is owing on both notes. Laramie does not attest, nor is there any evidence demonstrating, that this reference to a "Market Recovery Loan" represents the promissory notes that plaintiffs have sued upon in their amended complaint; and, if so, whether it pertains to one or both of these notes.[1] In short, plaintiffs have presented no evidence demonstrating what amount is owed on each note as averred in the amended complaint.

---

[1] I also note that the amount reflected in the record of calculations and in Laramie's affidavit is different from the amount(s) allegedly owed on the notes set out in the amended complaint.

With these deficiencies in the evidence and the discrepancies between the evidence and the relief sought, I cannot enter judgment against the defendants as requested. I will therefore deny plaintiffs' motion for default judgment. This denial is without prejudice, however, for I will give the plaintiffs an opportunity to cure any deficiencies in their evidence and requested relief and to resubmit their motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Default Judgment [12] is denied without prejudice.

**IT IS FURTHER ORDERED** that no later than **September 9, 2016**, plaintiffs shall resubmit their motion for default judgment, with appropriate evidence and affidavits in support, as well as a proposed judgment for my consideration.

After review of this resubmitted evidence, I will determine whether a hearing is necessary on the motion.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 30th day of August, 2016.