UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS – KANSAS CITY CARPENTERS REGIONAL COUNCIL, et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 4:16 CV 751 CDP<br>) |
| ILMO CONTRACTING, LLC, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

St. Louis-Kansas City Carpenters Regional Council (the "Union") and various of its trust funds and their trustees claim that defendant ILMO Contracting, LLC, failed to make contributions to the various funds as it was obligated to do under its Collective Bargaining Agreement with the Union, in violation of ERISA, 29 U.S.C. § 1145. The Union also claims that defendants ILMO and Corey Rogers, an individual, defaulted on two promissory notes held by the Union.

After being served with process, defendants failed to timely answer or otherwise respond to plaintiffs' amended complaint, and the clerk of court entered default against them. Plaintiffs now move for entry of default judgment. Because the affidavits and other evidence submitted support plaintiffs' requested judgment, I will grant their motion and enter default judgment against the defendants.

After default has been entered against a defendant, he is deemed to have admitted all well-pleaded factual allegations in the complaint. *See Taylor v. City of Ballwin,* 859 F.2d 1330, 1333 (8th Cir. 1988). While factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven to a reasonable degree of certainty. *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir. 2001); *Stephenson v. El-Batrawi,* 524 F.3d 907, 916-17 (8th Cir. 2008). Evidence and supporting documents must provide a basis for the amount of damages sought by plaintiffs and awarded by the Court. *Stephenson*, 524 F.3d at 917.

Here, plaintiffs request judgment against defendant ILMO in the amount of $15,686.43 in delinquent fringe benefit contributions, interest, and liquidated damages. They have submitted the affidavit of their accountant and controller, Juli Laramie, who attests that for the week ending June 13, 2015, through April 30, 2016, ILMO owed $13,374.47 in unpaid fringe benefit contributions, $125.24 in interest, and $2,096.72 in liquidated damages. Attached to Laramie's affidavit is the Collective Bargaining Agreement and related Addendum showing ILMO's obligations, as well as a spreadsheet setting out the amounts owed and the formulae and rates by which the liquidated damages and interest were calculated. Plaintiffs have adequately proven the amount owed by ILMO in delinquent fringe

benefit contributions, interest, and liquidated damages, and I will grant judgment thereon.

The plaintiff Union also seeks judgment against defendants ILMO and Rogers in the amount of $41,418.12 in principal and interest on two promissory notes on which they defaulted. With respect to the first note, Laramie attests in her affidavit that the Union disbursed $39,080 of an $80,000 loan to defendants, of which defendants repaid $16,200; leaving a balance of $22,880 owed on the note. With respect to the second note, Laramie attests that the Union disbursed $17,160 of an $18,000 loan to defendants, of which defendants have repaid nothing. For the two promissory notes, therefore, defendants owe a total principal balance of $40,040. Laramie also attests that interest on this outstanding balance – computed through June 30, 2016 – totals $1,378.12. To support these attestations, Laramie attaches the notes showing defendants' obligations, as well as a spreadsheet demonstrating the amounts owed and the formula and rate by which the interest was calculated. The Union has adequately proven the amount owed by ILMO and Rogers in principal and interest on the two promissory notes on which they defaulted, and I will grant judgment thereon.

Finally, plaintiffs seek judgment against defendants ILMO and Rogers in the amount of $1,084.40 in attorneys' fees and costs. Plaintiffs have submitted the affidavit of attorney Greg A. Campbell, who attests to the applicable billing rates,

the details of the work performed, and the time expended, resulting in legal fees totaling $482.  Campbell also attests to the details of the costs plaintiffs seek to recover in this action, totaling $602.40.  Plaintiffs are entitled to attorneys' fees and costs against ILMO on their ERISA claim under 29 U.S.C. § 1132(g)(2).  In addition, the two promissory notes show ILMO's and Rogers' obligation for such fees and costs on the Union's breach of contract claim.  Plaintiffs have adequately proven the amount of attorneys' fees and costs to which they are entitled by this action, and I find the requested fees and costs to be reasonable.  I will therefore grant plaintiffs' request for judgment thereon.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Default Judgment [17] is **GRANTED**.

A separate Judgment is entered this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2016.